FILED

Dominique Daniels
1907 N. Keene Ave
Los Angeles, California 90059
(424) 757-2523
ddaniels34@toromail.csudh.edu
Plaintiff in Pro Per

2020 MAY 12  PM 1:24

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE

BY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| Dominique Daniels,<br><br>        Plaintiff,<br><br>    vs.<br><br>G4S Secure Solutions USA, Inc.,<br>Dove Canyon Master Association,<br>Seabreeze Management Company, Inc.,<br>Vince Guarino,<br>Anthoni D. King III,<br>        Defendant(s). | Case No.: SACV20-00283-JGB-JDE<br><br>**PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br><br><br>**[DEMAND FOR JURY TRIAL]** |

## I. JURISDICTION

1.      This court has jurisdiction under 28 U.S.C. § 1331. Federal question

jurisdiction arises pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e et Seq. 42 U.S.C. § 1981a et Seq. & 42 U.S.C § 1983.

## II. VENUE

2.      Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants

business and the unlawful acts were committed within the jurisdiction of the

United States District Court for the Central District of California.

1

### III. **PARTIES**

3.      Plaintiff is Dominique Daniels (hereinafter, "Plaintiff or Plaintiff's"). Plaintiff's address is 1907 N. Keene Ave, Los Angeles, California 90059. Plaintiff is a currently employed by Defendant G4S Secure Solutions USA, Inc.

4.      Defendant is G4S Secure Solutions USA, Inc. (hereinafter, "G4S"). Defendant address is 2300 E. Katella Ave #150, Anaheim, California 92806. Defendant is Plaintiff's employer.

5.      Defendant is Dove Canyon Master Association (hereinafter, "DCMA"). Defendant address is 26840 Aliso Viejo PKWY, Suite 100, Aliso Viejo, California 92656. Defendant hired G4S to operate its Dove Canyon Property.

6.      Defendant is Seabreeze Management Company, Inc. (hereinafter, "SMCI"). Defendant address is 26840 Aliso Viejo PKWY, Suite 100, Aliso Viejo California 92656. Defendant hired G4S to operate its Dove Canyon Property.

7.      Defendant name is Vince Guarino (hereinafter, "Guarino"). Defendant work address is 765 The City Dr., S #150, Orange, California 92868. Defendant is a former supervisor employed by G4S and is sued in his individual capacity.

8.      Defendant name is Anthoni King (hereinafter, "King"). Defendant work address is 32001 Dove Canyon Dr., Trabuco Canyon, California, 92679 Defendant is a supervisor employed by G4S and is sued in his individual capacity.

PLAINTIFFS' SECOND AMENDED COMPLAINT

# IV. **STATEMENT OF FACTS**

9.      On or about September 4, 2018, Plaintiff was hired by G4S as a full-time graveyard Custom Protection Officer (hereinafter, "CPO") and was offered thirty-two (32) hours weekly at G4S Ladera Ranch client site (hereinafter, "LARMAC"). At the time of hire, Plaintiff requested a forty (40) hour per week work shift but G4S manager Michael Payson told Plaintiff that G4S would give Plaintiff a forty (40) weekly schedule after ninety (90) days of employment. Following the ninety (90) days starting around December 4, 2018, G4S subjected Plaintiff to different terms and conditions of employment, discrimination, harassment, and retaliation by refusing Plaintiff a forty (40) hours per week schedule as promised, by denying Plaintiff's request for job site transfer, by denying Plaintiff requests for work assignments, by terminating Plaintiff's job assignment, by ignoring Plaintiff's complaints of sexual harassment against males and/or non-African American males at the work place, by refusing to investigate, intervene, protect and/or prevent Plaintiff from work discrimination, harassment, and retaliation following her protected activity, and by denying Plaintiff overtime and vacant shifts which Defendant primarily offered and gave to male CPO already scheduled forty (40) weekly at G4S Ladera Ranch Post and/or Client Site.

//

//

PLAINTIFFS' SECOND AMENDED COMPLAINT

10.     On or about February 21, 2019, July 3, 2019, August 25, 2019, and December 1, 2019, Plaintiff applied for qualified full-time positions with G4S, however, G4S denied the applications without ever contacting or interviewing Plaintiff for the job positions. On or about June 24, 2019, G4S male administrator Michael Payson verbally reprimanded another G4S manager for asking and/or letting Plaintiff cover a one-time vacant shift at one of G4S client site.

Similarly, on or about September 5, 2019, G4S male Supervisor Darrell Ennis (hereinafter, "Ennis") became upset when Plaintiff informed him that Plaintiff learned of and wanted to work a vacant eight (8) hour Wednesday graveyard shift that was coming available at LARMAC. Ennis denied Plaintiff the shift and gave it to a male CPO.

11.     Since January 2019, Plaintiff made several complaints to G4S management, the employee hotline, and/or to co-workers about job discrimination, retaliation, harassment, hostile work environment, and/or employment privacy concerns. Plaintiff reported the difference in treatment as well as the harassment, employment privacy concerns, and retaliation to Human Resource Manager Malinda Carrillo (hereinafter, "Carrillo"). Plaintiff also told Carrillo that G4S management retaliated against her because she refused to consent to a voluntary mental evaluation, requested an employee record after the request was denied by Guarino, and because Plaintiff works in a predominantly male environment.

PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiff further told "Carrillo" that she is working in a hostile work environment at LARMAC which included a male supervisor using inappropriate and offensive language towards other co-workers and about females during shift changes, that Plaintiff was grilled by Darrell Ennis (hereinafter, "Ennis") for taking sick time off, that Ennis was retaliating against Plaintiff and defaming Plaintiff's character by spreading rumors that Plaintiff was a bully for working at Dove Canyon, and that Guarino verbally threatened Plaintiff that she would face unfortunate circumstances if Plaintiff showed up to work at DCMA. G4S and Carrillo failed to follow up with Plaintiff about her complaints as promised, failed to protect and prevent future employment discrimination, retaliation, hostile work environment against Plaintiff which have been continuous, and denied and/or unreasonably delayed Plaintiff requests for a transfer to avoid the hostile work environment and for safety concerns. Carrillo aborted her job obligations.

Since October 25, 2019, Plaintiff informed G4S and Carrillo that Plaintiff intended to and/or have filed or initiated a complaint with the Department of Fair Employment and Housing (hereinafter, "DFEH") and the Equal Employment Opportunity Commission (hereinafter, "EEOC") regarding the employment discrimination, retaliation, and harassment. G4S subjected Plaintiff to discrimination, retaliation, adverse action, harassment, and hostile work environment because Plaintiff is a female and not a male, Because Plaintiff is

PLAINTIFFS' SECOND AMENDED COMPLAINT

Black, because Plaintiff reported and opposed the discrimination, retaliation, harassment, and adverse actions in the workplace.

12.    In compliance with an active and enforceable October 28, 2019 worksite agreement between Plaintiff and G4S, on October 30, 2019, Plaintiff reported to work at the Dove Canyon site as agreed.  About five minutes after clocking in for work, Defendant "King" became angry and told Plaintiff that she could not work at the site, and that he spoke with G4S supervisor Ennis about his statement. Ennis did not supervise or work the Dove Canyon post. Plaintiff reported Kings' statement to G4S Human Resource Manager Carrillo who instructed Plaintiff to "disregard" King statements. Carrillo also told Plaintiff that she would speak with King and Ennis but never followed up with Plaintiff. Consequently, Plaintiff was confused between that statements and higher authority.

13.    On or about November 6, 2019, and incompliance with the October 28, 2019 work site agreement and Carrillo's instructions to "disregard" Defendant King statements, Plaintiff showed up for work at the Dove Canyon post. Defendant King angrily questioned Plaintiff about being at the post and in response, Plaintiff showed Defendant King the October 28, 2019 work site agreement and Carrillo's instruction to "disregard" his statements, and informed King that Plaintiff was instructed by Carrillo to continue to work at the Dove Canyon Post and that G4S and its management was discriminating against her. King never mentioned or told

Plaintiff that the October 28, 2019 Dove Canyon Work Site Agreement was terminated.

14.     On November 13, 2019, Plaintiff was threatened by Guarino who told Plaintiff that Plaintiff would face "unfortunate circumstances" if she showed up to work at the Dove Canyon post.  Plaintiff was concerned about her safety, so she asked Defendant Guarino to explain what he meant by "unfortunate circumstances" which Guarino refused to and never clarify. Plaintiff reported the threat to Human Resource Manager Carrillo and asked Carrillo for advice regarding the matter. Carrillo ignored Plaintiff's email and never responded. Still confused, Plaintiff showed up at the Dove Canyon for the sole purpose to work.

Guarino was aware of the October 28, 2019 Dove Canyon Work Site Agreement, but never mentioned or told Plaintiff that the agreement was terminated at any time during Plaintiff's employment. Plaintiff believes that Guarino's threat and statements were retaliatory and discriminatory which were done sixteen (16) days following Plaintiff's employment discrimination, harassment, and retaliation complaints against Guarino and/or his male colleagues.

15.     On November 13, 2019, in compliance with the October 28, 2019 Work Site Agreement and Human Resource Manager Carrillo's instructions to "disregard" King's statement that Plaintiff should not be working at the Dove Canyon site; as well as Plaintiff belief that Plaintiff was legally obligated to work

PLAINTIFFS' SECOND AMENDED COMPLAINT

the post, Plaintiff showed up to work at the Dove Canyon post. G4S employee Ivan

Cuate withheld the patrol vehicle keys and work phone from Plaintiff which denied

Plaintiff access to the work tools which would have allow Plaintiff to perform and

fulfill her required work duties. Around 9:30 PM, while entering the Dove Canyon

guardhouse, Plaintiff was immediately confronted by G4S employee Devin

Thomas (hereinafter, "Thomas") who told Plaintiff that Defendant King instructed

him to tell Plaintiff that she was not supposed to be at the post and that Plaintiff

would not be paid for the work shift. Plaintiff informed Thomas that she had an

active work site agreement and permission from Carrillo to work the shift. Thomas

never ordered Plaintiff to exit the post at any time, nor did Thomas warn Plaintiff

that he was going to or that he already call the police to the Dove Canyon Post.

Plaintiff also observed embarrassing and false notes about her on the work bulletin.

King and/or Guarino instructed Thomas call the police on Plaintiff for allegedly

trespassing. After the police finish investigating, and found no probable cause to

arrest or remove Plaintiff from the Dove Canyon work site, and after Plaintiff once

she showed them the October 28, 2019 work site agreement, the deputies took no

actions against Plaintiff and immediately exited Dove Canyons' private property.

     While off duty and unhappy with the Sheriff's decision not to arrest and/or

remove Plaintiff from the Dove Canyon post, and by the instruction and instigation

of Guarino and/or other G4S administrator, King showed up to Dove Canyon and

called the police on Plaintiff a second time for an alleged trespass. King never warned Plaintiff that he was calling the cops or that he intended to call the police on her for an alleged trespass. Plaintiff showed King the October 28, 2019 work site agreement, as well as an email from Carrillo showing permission for Plaintiff to work at Dove Canyon. Without probable cause and/or a warrant, and with disregard to Plaintiffs' rights, the October 28 agreement, and Carrillo's email, King intentionally, maliciously, detained and placed Plaintiff under citizen's arrest for criminal trespassing; which caused Plaintiff to be unjustly charged with 602(o) PC Trespass and Refusal to Leave Property on or after December 11, 2019.

After calling the police on Plaintiff twice, after King had already detained and Placed Plaintiff under citizen's arrest for allegedly trespassing, after Plaintiff had already started her 9:30 pm work shift on November 13, 2019, and after Plaintiff informed Carrillo that Plaintiff actually filed a charge of employment discrimination, harassment, and/or retaliation, G4S and Carrillo first informed Plaintiff via text message about 11:57 PM, on November 13, 2019, that the October 28, 2019 Dove Canyon Work Site Agreement is terminated. Around this time, Carrillo gave Plaintiff the option to leave the post then later instructed Plaintiff to leave the post. Plaintiff was not able to comply with Carrillo's later instruction because the deputy(s) informed Plaintiff that she was not free to leave because she was being detained and placed her under citizen's arrest by King.

PLAINTIFFS' SECOND AMENDED COMPLAINT

The unlawful and/or unreasonable detention lasted about one (1) hour. Despite Defendant serious allegations that Plaintiff committed a misdemeanor criminal trespass offense at Dove Canyon, Defendant never terminated Plaintiff's employment or disciplined Plaintiff in written form. Defendant had and still does not have any legitimate, non-discriminatory reasons for subjecting Plaintiff to the above illegal act and unlawful employment practices. Defendants intentionally and maliciously provided the Sheriff's with False allegations of trespass to carry out their personal vendetta with Plaintiff. The Sheriff's and the District Attorney relied on the statements made Defendants which is a direct or proximate cause for Plaintiff being arraigned and/or maliciously charged with Misdemeanor Criminal Trespass on February 11, 2020. King, a private security guard and in uniform, acted under color of law by working together with and obtaining significant help from Sheriff Deputies to identify, detain and arrest Plaintiff without probable cause, without a warrant, when Plaintiff entered the Dove Canyon property with the sole intent to work and not to commit any crime or disturbance, and when Plaintiff had permission to enter the property.

16.     On February 11, 2020, the EEOC issued Plaintiff's Federal Right to Sue Notice (Charge No. 480-2020-01034), attached herewith as Exhibit "1." In violation of Title VII of the Civil Rights Act of 1964 as amended, Defendants subjected Plaintiff to the above because Plaintiff is a female and not male and

because Plaintiff engaged in protected activity. Plaintiff also believes that Defendants actions and conduct were intentional, negligent, malicious, reckless, and with conscious disregard to Plaintiffs employee rights protected under Title VII as well as, but not limited to, the October 28, 2019 work site agreement, Plaintiff's First and Fourth Amendment Rights, Human Rights, and other federal and state rights.

17.     Defendants "DCMA" and "SMCI" hired, entrusted and gave full permission to Defendants G4S, King, Guarino, and other employees to act as agents and to operate and make decisions at the Dove Canyon client site. DCMA and SMCI had the authority and ability to train G4S and make specific rules for situations, disputes, and/or issues involving G4S employees work at the post but failed to do so.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Disparate Treatment "Sex/Race" Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 Unlawful Employment Practices) (Against DEFENDANT G4S SECURE SOLUTIONS USA, INC.)

18.     Plaintiff hereby incorporates and realleges paragraphs 9-17, inclusive, herein as though set forth in full.

19.     Since January 2019, Defendant denied Plaintiff equal employment opportunities and subjected Plaintiff to different terms and conditions of

PLAINTIFFS' SECOND AMENDED COMPLAINT

employment by refusing her a forty (40) hours per week work shift, by denying Plaintiff's repeated requests for work assignments, by ignoring and rejecting Plaintiff's job applications without affording her an interview and by denying Plaintiff overtime and vacant shifts which Defendant only and/or mainly offered and gave to the male CPO at the Ladera Ranch Post, Dove Canyon Post, and/or at the Laguna Altura Post.

20.     Defendant also discriminated against Plaintiff by failing to investigate her complaints of employment discrimination, harassment, retaliation, and hostile work environment against its male and predominantly non- African American supervisors. Defendant discriminated against Plaintiff because she is a female and not male and because Plaintiff opposed and reported the unlawful employment practices to G4S, G4S Supervisors, the EEOC and DFEH.

21.     Defendant's unlawful employment practices against Plaintiff are in violation of Title VII of the Civil Rights Act of 1964, as amended, as well as California Gov. Code §12940(a), Cal. Code. of Regulations §11023, Cal. Civ. Code §§ 51 & 52 and the Unruh Civil Rights Act.

22.     As a result of Defendant action, Plaintiff suffered emotional and physical distress, headaches, anxiety, shock, intimidation, embarrassment, loss wages and sick time hours, deprivation of human rights and happiness.

PLAINTIFFS' SECOND AMENDED COMPLAINT

## SECOND CAUSE OF ACTION

### (RETALIATION - Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e3(a)- Other Unlawful Employment Practices)
### (Against DEFENDANT G4S SECURE SOLUTIONS USA, INC.)

23.     Plaintiff hereby incorporates and realleges paragraphs 18-22, inclusive, herein as though set forth in full.

24.     Since January 2019, Plaintiff made several complaints to Defendant G4S about, but not limited to job discrimination, harassment, hostile work environment, retaliation, supervisors using inappropriate language and/or making jokes towards other co-workers and about females during shift change, Plaintiff being limited to a thirty-two (32) per week work shift. Plaintiff also informed Defendant G4S and its administrators that she reported the unlawful employment practices mentioned above to the EEOC and DFEH.

25.     As a consequence of Plaintiff's complaints, Defendant G4S and its supervisors retaliated against Plaintiff by, but not limited to harassing Plaintiff, grilling her for taking sick time off, spreading rumors that Plaintiff was a bully, making verbal threats to Plaintiff is she showed up for work, refusing to and/or failing to follow up with Plaintiff about her complaints, failing to investigate and/or timely investigate Plaintiff's complaints, failing to protect Plaintiff from future unlawful employment practices, denying and/or unreasonably delaying Plaintiff request for a job transfer, denying Plaintiff a forty (40) hour per week work shift, denying Plaintiff's job applications, overtime pay, and the opportunity

PLAINTIFFS' SECOND AMENDED COMPLAINT

to work vacant shifts, ignoring Plaintiff's complaints and emails, falsely accusing Plaintiff of trespassing and calling the police on Plaintiff for showing up to work, unlawfully detaining and placing Plaintiff under a citizen's arrest without probable cause, unlawfully terminating Plaintiff's employment at the Dove Canyon Post, denial of paid work hours, denying Plaintiff access to work tools, posting comments about Plaintiff on a job bulletin, and by forcing Plaintiff to involuntarily leave the Dove Canyon Post.

26.    Defendant actions violated Plaintiff's protected rights under, but not limited to, Title VII of the Civil Rights Act of 1964 as amended, Cal. Gov. Code § 12940(h), Cal. Code of Regulations § 11021, Plaintiff's Human Rights, and First Amendment Rights.

27.    As a result of Defendant action, Plaintiff suffered emotional and physical distress, pain and suffering, lost wages, lost sick time hours, loss of enjoyment of life, intimidation, fear, shock, embarrassment, anxiety, criminal charges, deprivation of liberty, unnecessary costs, and mental anguish.

## THIRD CAUSE OF ACTION
### (False Arrest/ False Imprisonment- Restatement §§ 35 & 36 & Title VII) (Against ALL DEFENDANTS)

28.    Plaintiff hereby incorporates and realleges paragraphs 23-27, inclusive, herein as though set forth in full.

29.    Acting on behalf of G4S, DCMA, SMCI, and as a supervisor,

PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant King intentionally, maliciously, unlawfully and/or unreasonably, without Plaintiff's consent, without a warrant, with bad judgement and conscious disregard to Plaintiff's rights, the October 28, 2019 agreement, and Carrillo's order that Plaintiff show up to work, and in retaliation against Plaintiff for reporting and/or opposing the unlawful employment practices; detained Plaintiff and caused Plaintiff to be placed under citizen's arrest at the Dove Canyon work post. Plaintiff reasonable believed that she was being confined because Plaintiff was being interrogated by the police, told that she was not free to leave to post, informed that Plaintiff was placed under citizens arrest, and because Plaintiff was required to wait until King finished reporting to the police as well as sing the citizen's arrest document, and because Plaintiff was required to sign a citation for an alleged misdemeanor criminal trespassing.

30.     Acting as an supervisor and/or agent for G4S, DCMA, and SMCI, without probable cause and/or reasonable belief that Plaintiff was trespassing at Dove Canyon, and without personally seeing Plaintiff at the Dove Canyon Post, and in retaliation against Plaintiff for reporting and opposing the unlawful employment practices, and with bad judgement and conscious disregard to the October 28, 2019 work site agreement and Plaintiff's rights, Guarino intentionally, recklessly, and maliciously, instigated caused Plaintiff citizen's arrest by instructing and/or approving King to call the police on Plaintiff for an alleged

PLAINTIFFS' SECOND AMENDED COMPLAINT

criminal trespass.

31.      Plaintiff showed up for work at the Dove Canyon Post with the sole intent to work, to comply with the October 28, 2019 work site agreement, to comply with Carrillo's instructions to remain at the post, and not with any intention to intent to cause a disturbance or commit a criminal act on the post. Plaintiff did not specifically tell King, Guarino, G4S, or any other person that she will not leave the Dove Canyon Post.

32.      Defendants conduct and actions are in violation of, but not limited to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e3(a), California Penal Code § 837, California Penal Code § 236, Cal. Gov. Code § 12940(h), Article I of the Declaration of Rights §§§ 1, 2 & 13, and Plaintiff's First Amendment Rights.

33.      As a result of Defendants conduct, Plaintiff suffered emotional and physical distress, pain and suffering, lost wages, lost sick time hours, loss of enjoyment of life, intimidation, fear, shock, embarrassment, anxiety, malicious prosecution, deprivation of liberty, unnecessary costs, mental anguish, loss of self-dignity.

**FOURTH CAUSE OF ACTION**
**(Wrongful Termination - Title VII of the Civil Rights Act of 1964, 42 U.S.C. §**
**2000e3(a)- Other Unlawful Employment Practices)**
**(Against DEFENDANT G4S SECURE SOULTIONS USA, INC.)**

34.      Plaintiff hereby incorporates and realleges paragraphs 28-33, inclusive, herein as though set forth in full.

16

35.     Defendants G4S, King, and Guarino, as well as other administrators employed by G4S are a direct and/or proximate cause for terminating the October 28, 2019 Dove Canyon Work Site Agreement, including Plaintiff's employment at Dove Canyon because Plaintiff is a female and not male and in retaliation because Plaintiff filed a charge of discrimination, and reported and opposed the employment discrimination, harassment, and retaliation done by G4S and its administrators against Plaintiff.

36.     Defendant conduct and actions are in violation Title VII of the Civil Rights Act of 1964, as amended, as well as, but not limited to, Plaintiff's Human Rights, California Government Code § 12940(h), and Cal. Code of Regulations § 11021.

37.     As a result of Defendant action, Plaintiff suffered emotional and physical distress, pain and suffering, lost wages, loss of enjoyment of life, shock, intimidation, embarrassment, anxiety, and mental anguish.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment /Sexual Harassment- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e3(a)- Other Unlawful Employment Practices) (Against DEFENDANT G4S SECURE SOLUTIONS USA, INC.)

38. Plaintiff hereby incorporates and realleges paragraphs 34-37, inclusive, herein as though set forth in full.

39.     Defendant subjected Plaintiff to a hostile work environment and sexual harassment because G4S supervisors and/or male CPO employees

repeatedly made unwelcomed, offensive, and inappropriate sexual comments and jokes about females, female body parts, and male body parts while at the LARMAC client site. Some of these comments were "SUCKING on his mother's TITTIES," "Are you getting a SEX change?" "Let me SMACK that ASS and see those BREAST" of two females seen in swimsuits on client surveillance, "I will show up as a pizza delivery guy in my white truck and KIDNAP them girls," "They can put that WET STUFF in my seat," "they will show up MISSING on a MILK CARTON, like HAVE YOU SEEN ME?" "I have a Lopez coming over tonight to warm me up bed," "Let me BANG your wife, she will have a good time with me," "I fill you SKULL FUCKING ME," "WHO FUCKED to make the G4S change its policy," "Women are STUPID BITCHES," "Butter that body up," "O, your looking at my ASS now? I didn't know you had an ASS, I got an ASS and his name is John." Plaintiff asked that the harassing conduct stop and be investigated, but G4S ignored Plaintiff's requests.

40.    Defendant and its supervisor conduct and actions are in violation of Title VII as amended, as well as Cal. Gov. Code §§ 12940(j) and 12926(t).

41.    As a result of Defendant action, Plaintiff suffered emotional and physical distress, pain and suffering, headaches, lost wages, loss of enjoyment of life, intimidation, shock, humiliation, anxiety, loss of self-dignity, grief.

PLAINTIFFS' SECOND AMENDED COMPLAINT

## SIXTH CAUSE OF ACTION
### (Negligence - Title VII of the Civil Rights Act of 1964, as amended)
### (Against DEFENDANT: G4S SECURE SOLUTIONS USA, INC.)

42.     Plaintiff hereby incorporates and realleges paragraphs 38- 41, inclusive, herein as though set forth in full.

43.     Plaintiff was subjected to a hostile work environment and/or sexual harassment by her non-immediate supervisor(s) who repeatedly made comments and/or jokes about females and other offensive and inappropriate statements to and/or in front of Plaintiff during shift changes at work. These individuals were and still are supervisors hired by G4S who is empowered by to take employment actions against Plaintiff such as, but not limited to, discipline Plaintiff for work violations, approve or deny work requests, report Plaintiff to superior management, change Plaintiff's work duties at the Ladera Ranch Post.

44.     On and after October 28, 2019, Plaintiff reported the sexual harassment and/or hostile work environment, as well as the work discrimination and retaliation to G4S Corporate Office, G4S employee hotline, and to G4S Human Resource Manager Malinda Carrillo and other administrators. G4S and is supervisors knew or should have known about the sexual harassment, hostile work environment, and employment discrimination and retaliation but failed to carry out its legal obligations by not taking action(s) to intervene, prevent or quickly correct the unlawful conduct, by refusing to protect Plaintiff from future harm, by

allowing Plaintiff to be harmed, and by ignoring and not following up with

Plaintiff's discrimination, retaliation, harassment, and hostile environment

complaints, and by willfully and with conscious disregard to Plaintiff's rights.

45. Defendant and its supervisors conduct, and actions are in violation of, but not limited to, Title VII as amended and Cal. Gov. Code. § 12940(k).

46. As a result of Defendant action, Plaintiff suffered repeated harassment, emotional distress, pain and suffering, headaches, lost wages, lost sick time hours, loss of enjoyment of life, shock, intimidation, embarrassment, anxiety, unhappiness at work.

## SEVENTH CAUSE OF ACTION
### (Vicarious Liability – Title VII, Cal. Civ. Code § 52.1 ("The Bane Act")) (As against Defendant(s): G4S Secure Solutions USA, Inc., Dove Canyon Master Association, & Seabreeze Management Company, Inc.)

47. Plaintiff hereby incorporates and realleges paragraphs 42-46, inclusive, herein as though set forth in full.

48. Plaintiff witnessed and was subjected to a hostile work environment and/or sexual harassment G4S supervisors who repeatedly made offensive and inappropriate comments and/or jokes about females and other co-workers while at work. The supervisors were hired by G4S and are empowered by G4S to take employment actions against Plaintiff such as, but not limited to, discipline Plaintiff for work violations, approve or deny work requests, report Plaintiff to superior management, change Plaintiff's work duties at the Ladera Ranch Post.

49.     Since October 28, 2019, Plaintiff requested that G4S, the company's employee hotline, and to G4S Human Resource Manager Malinda Carrillo and other administrators intervene to prevent future harm of sexual harassment and/or hostile work environment, as well as the work discrimination and retaliation. G4S and is supervisors knew or should have known about the sexual harassment, hostile work environment, and employment discrimination and retaliation, but failed to carry out its legal obligations by not taking action(s) to prevent or quickly correct the unlawful conduct, by refusing to protect Plaintiff from future harm, by allowing Plaintiff to be repeatedly subjected to sexual harassment and retaliation, and by ignoring and not following up with Plaintiff's discrimination, retaliation, harassment, and hostile environment complaints.

50.     Defendant "DCMA" and "SMCI" hired G4S and G4S employees as its agents and gave G4S authorization to operate and make business decisions on behalf of the Dove Canyon Property. Defendants G4S, King, and Guarino were working within the scope of its/their employment as agents for DCMA and SMCI when G4S, King, and/or Guarino harmed Plaintiff by causing and/or proximately causing Plaintiff to be unlawfully detained and placed under citizen's arrest for and charged for allegedly criminal trespassing around November 13, 2019.

51.     As a result of Defendants action, Plaintiff suffered emotional distress, pain and suffering, lost wages, lost sick time hours, loss of enjoyment of life,

intimidation, shock, fear, embarrassment, anxiety, criminal charges and

prosecution, deprivation of liberty, unnecessary costs, and mental anguish.

## EIGHT CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress – Restatement § 46, Cal. Civ. Code § 2238)
### (Against ALL DEFENDANTS)

52.     Plaintiff hereby incorporates and realleges paragraphs 47-51,

inclusive, herein as though set forth in full.

53.     By the conduct above, which is prohibited under Title VII of the Civil

Rights Act of 196, as amended, the First Amendment Rights of the United States

Constitution, California Civil Code Restatement §§§ 35, 36, and 46, California

Civil Code § 12940, et seq., California Code of Regulations § 11021, California

Civil Code § 2238, California Penal Code §§ 837 and 236, California Civil Code

§§ 51 and 52, et seq., Article 1 of the California Constitution, and the public policy

of the State of California, Defendants, and each of them, acted outrageously, with

the intention to cause, or with reckless disregard of the probability of causing

Plaintiff severe emotional distress. This conduct, which was unprivileged and

unwanted by Plaintiff, actually and proximately caused Plaintiff severe emotional

distress.

54.     Defendants, and each of them, harmed Plaintiff because those actions

caused her to suffer, but not limited to, humiliation, embarrassment, intimidation,

shock, mental anguish, and emotional and physical distress. The actions of

PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, and each of them, injured Plaintiff's mind and body. As a result of such unlawful conduct and consequent harm, Plaintiff suffered damages that will be proven at trial.

55.    The conduct of Defendants proximately caused Plaintiff to suffer, and to continue to suffer, damages, including injuries to her person in an amount which will be proven at trial.

56.    The malicious and/or oppressive conduct of CORPORATE G4S, KING, GUARINO, DCMA, SMCI, and each of them, was in reckless disregard of Plaintiff's rights and therefore warrants the imposition of punitive damages.

## NINTH CAUSE OF ACTION
### (Unlawful Arrest/Unreasonable Detention – 4th Amendment)
### (Against ALL DEFENDANTS)

57.    Plaintiff hereby incorporates and realleges paragraphs 52-56, inclusive, herein as though set forth in full.

58.    King, a private security guard and in uniform, acted under color of law by working together with and obtaining significant help from Sheriff Deputies to identify, detain and arrest Plaintiff without probable cause, without a warrant, and when Plaintiff had permission to enter the Dove Canyon private property to start her scheduled work shift.

59.    As a result of Defendants conduct, Plaintiff suffered emotional and physical distress, pain and suffering, lost wages, lost sick time hours, loss of

enjoyment of life, intimidation, fear, shock, embarrassment, anxiety, malicious prosecution, deprivation of liberty, unnecessary costs, mental anguish, loss of self-dignity.

## VI. **RELIEF FOR RELIEF**

WHEREFORE, the Plaintiff Dominique Daniels prays for judgement against Defendants, and each of them, as follows:

60. Special damages in a sum according to proof against all Defendants;

61. General damages in the amount of $10,000,000.00 according to proof against all Defendants;

62. For interest provided by law including, but not limited to, California Civil Code 3291 § against all Defendants;

63. For attorney fees as allowed by law against all Defendants;

64. Costs of suit and for such other and further relief as the court deems proper against all Defendants;

65. For civil penalty provided by law including, but not limited to that provided by Title VII and California Civil Code § 52 against all Defendants;

66. For punitive damages in the amount of $20,000,000.00 against all Defendants according to proof;

67. For prospective damages against Defendants G4S, Guarino, and King;

68. For injunctive relief against Defendants G4S SECURE SOLUTIONS

1  USA, Inc., ANTHONI KING, and VINCE GUARINO prohibiting any further

2  discrimination, retaliation and/or harassment in the provisions of Title VII of the

3
4  Civil Rights Act of 1964, as amended, the Equal Employment Opportunity

5  Commission (EEOC), the First Amendment Rights, the California Constitution,

6
   and the Department of Fair Employment and Housing (DFEH).
7

8      Plaintiff reserves the right to amend her Complaint upon newly discovered

9  relevant and material information or facts.
10

11  Dated: May 11, 2020                          Respectfully submitted,

12

13                                               Dominique Daniels
14                                               Plaintiff in Pro Per

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

25

PLAINTIFFS' SECOND AMENDED COMPLAINT

# EXHIBIT 1

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Dominique Daniels<br>1907 N. Keene Ave<br>Los Angeles, CA 90059 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2020-01034 | Garrett D. Hoover,<br>Intake Supervisor | (213) 894-1090 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Rosa M. Viramontes_      2-11-20

**Rosa M. Viramontes,**
**District Director**          (Date Mailed)

Enclosures(s)

cc:  Kelly Eisenlohr-Moul
Dinsmore & Shohl LLP
1100 Peachtree Street, Suite 950
Atlanta, GA 30309